PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AGREE LIMITED PARTNERSHIP, | ) | CASE NO. 4:12CV00577 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| COCCA DEVELOPMENT, *et. al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** (Resolving ECF No. 20) |

Before the Court is Defendant Penn-Ohio Title LLC's Motion to Dismiss Plaintiff Agree Limited Partnership's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 20. Plaintiff Agree Limited Partnership timely filed an opposition. ECF No. 24.

For the reasons provided below, Defendant's Motion to Dismiss is denied.

## I. Background

This action seeks the disbursement, by escrow agent Defendant Penn-Ohio Title LLC ("Penn-Ohio"), of money deposited with it in connection with its appointment as escrow agent by Plaintiff Agree Limited Partnership ("Agree") and Defendant Cocca Development, Ltd. ("Cocca"). ECF No. 20 at 1. Penn-Ohio accepted the appointment as escrow agent subject to its Standard Conditions of Escrow, which it submitted to Cocca and Agree as part of its August 29, 2011 letter acknowledging receipt of the deposit. ECF No. 13-6.

In 2011, Cocca sought refund of the Deposit; Penn-Ohio complied. ECF No. 13 at 5. Thereafter, a dispute arose between Agree and Cocca over the proper disposition of the Deposit. ECF No. 13 at 4. This lawsuit resulted.

(4:12CV00577)

## II. Discussion

### a.

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-plead allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, the[] [well-pleaded factual allegations] must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. Despite the overruling of *Conley v. Gibson*, 355 U.S. 41, 47 (1957), it remains that Fed. R. Civ. P. 8(a)(2), is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"Although this is a liberal pleading standard, it requires more than the bare assertion of legal conclusions. Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *First Am. Title Co. v. DeVaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (quoting *Se. Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006)). In other words, claims set forth in a

(4:12CV00577)

complaint must be plausible, not just conceivable. *Twombly*, 550 U.S. at 570. "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 U.S. at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

To determine whether a claim should proceed, the Supreme Court has set forth a legal "plausibility standard" to assess whether the facts convincingly suggest actionable conduct, rather than merely describing conduct that actually occurred. *Twombly*, 550 U.S. at 556 n.3; *see* RAKESH N. KILARU, *The New Rule 12(b)(6): Twombly, Iqbal, and the Paradox of Pleading*, 62 Stan. L. Rev. 905, 910-11 (2010). Applying this standard, district court judges should weigh the facts and determine, when necessary, whether they are sufficient to "nudge [the] claims across the line from conceivable to plausible" based on their "judicial experience and common sense." *Twombly*, 550 at 570; *Iqbal*, 129 S. Ct. at 1950. A suit may proceed as long as plaintiff's complaint crosses that threshold. *Twombly*, 550 at 570.

Notably, a court's skepticism about whether the alleged conduct had actually occurred does not justify dismissal of a complaint. Alternatively, the *Twombly* Court instructed lower courts to ask whether the facts alleged in the complaint actually constitute actionable conduct. *Twombly*, 550 U.S. 564-70 (holding that the legal plausibility standard mandated dismissal).

**b.**

Agree's First Amended Complaint asserts cognizable claims against Penn-Ohio for breach of contract and breach of fiduciary duty. *See* ECF No. 13. The First Amended Complaint also plausibly pleads that Penn-Ohio is a necessary party to this suit. This is most

(4:12CV00577)

obvious when the allegations that Penn-Ohio breached the Purchase Agreement, the Standard Conditions of Escrow and the independent fiduciary duties it owed to Agree are viewed in a light most favorable to Agree. Additionally, the entangled relationships among Defendants Penn-Ohio and Cocca and their joint counsel (William Myers) and the owner of Penn-Ohio (William Myers) are concerning. Accordingly, Defendant Penn-Ohio's motion to dismiss is denied.

### III. Conclusion

For the reasons stated above, Plaintiff Agree Limited Partnership has met the enhanced Rule 8(a) pleading burden, and the Court denies Defendant Penn-Ohio Title LLC's Motion to Dismiss. ECF No. 20.

IT IS SO ORDERED.

| | |
|---|---|
| June 25, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |